Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

SUM-10

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHUBB GROUP HOLDINGS INC., a Pennsylvania Corporation; DOES 1 through 15, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SARAH ESCOBEDO, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/16/2025 1:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Munoz, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of

Los Angeles; 111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

25STCV17403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wendy Miele, Tauler Smith LLP, 626 Wilshire Blvd., Suite 550, Los Angeles, CA 90017; (213) 927-9270

DATE:
*(Fecha)*   06/16/2025

Clerk, by   David W. Slayton, Executive Officer/Clerk of Court   , Deputy
*(Secretario)*                                                      A. Munoz   *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*   Chubb Group Holdings Inc.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Adopted for Mandatory Use
cial Council of California
-100 [Rev. July 1, 2009]

SUMMONS

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/16/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Munoz _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV17403 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Teresa A. Beaudet | 50 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/17/2025
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By A. Munoz _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Wendy Miele (SBN 165551)
wmiele@taulersmith.com
Camrie Ventry (SBN 355853)
cventry@taulersmith.com
Kiran Sekhon (SBN 360474)
ksekhon@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Sarah Escobedo*

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/16/2025 1:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Munoz, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SARAH ESCOBEDO, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>CHUBB GROUP HOLDINGS INC., a<br>Pennsylvania Corporation; DOES 1 through 15,<br>inclusive<br><br>    Defendant. | Case No. 25STCV17403<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF THE CALIFORNIA<br>TRAP AND TRACE LAW (CAL. PENAL<br>CODE § 638.51)**<br><br>**2. AIDING AND ABETTING VIOLATIONS<br>OF THE CALIFORNIA TRAP AND TRACE<br>LAW** |

## I.    **INTRODUCTION**

1.      Plaintiff Sarah Escobedo brings this lawsuit against Defendant Chubb Group Holdings Inc. (hereinafter "Chubb Group" or "Defendant"). Defendant deliberately transformed its commercial website, www.chubb.com (the "Website"), into a sophisticated surveillance apparatus. Defendant operates the Website to promote and provide information about its insurance products and risk management services for individuals and businesses. Defendant secretly deploys invasive tracking technology that violates California law.

2.      Specifically, Defendant deploys LinkedIns tracking software, known as the "LinkedIn Insight Tag." Defendant actively configured this code to enable the secret identification, tracking, and profiling of unsuspecting visitors by LinkedIn, all without their knowledge or consent. Defendant engineered this system to strip visitors of their anonymity and to facilitate the compilation of detailed personal profiles to advance its objective of mercenary surveillance.

3.      Defendant specifically targeted Plaintiff Escobedo ("Plaintiff"), a California resident, when Plaintiff visited Defendant's Website on March 18, 2025. Defendant activated its surveillance system against Plaintiff while Plaintiff browsed within California. Defendant, through this system, captured comprehensive identifying information from Plaintiff without Plaintiff's awareness or consent.

4.      Defendant configured its tracking system to immediately initiate data collection upon each visitor's arrival on its Website. The LinkedIn Insight Tag captures electronic impulses and digital signatures from visitors' devices to de-anonymize website visitors and create unique identification profiles.

5.      Defendant's unauthorized deployment and continuous operation of this digital surveillance technology constitutes a direct violation of California's Trap and Trace Law, codified at California Penal Code section 638.51. Defendant operates tracking processes that capture routing, addressing, and signaling information to identify communication sources. Defendant does so without court authorization or user consent. Defendant's systematic privacy violations threaten fundamental rights to anonymity and freedom from unwarranted surveillance in the digital realm.

## II.  JURISDICTION AND VENUE

6.     This Court possesses subject matter jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10. Defendant's violations of California Penal Code section 638.51 create statutory damages that exceed this Court's jurisdictional minimum. This case involves Defendant's breaches of the California Invasion of Privacy Act ("CIPA"), a critical statutory framework that protects California residents from unlawful surveillance technologies.

7.     Defendant Chubb Group conducts substantial, continuous, and systematic business operations within California. These operations render Defendant essentially "at home" in this state for litigation purposes. Defendant actively markets its insurance products and risk management services to California residents. Defendant maintains ongoing commercial relationships with California customers. Defendant derives substantial revenue from California-based transactions through its operation of the Website. Defendant deliberately avails itself of California's commercial privileges by operating its interactive Website infrastructure, which Defendant specifically designed to engage California consumers. Defendant's continuous California business activities establish general personal jurisdiction sufficient for this Court to adjudicate any claims against Defendant.

8.     This Court possesses specific personal jurisdiction over Defendant Chubb Group pursuant to California Code of Civil Procedure section 410.10 because Defendant expressly aimed and directed its tortious surveillance activities at California residents. Defendant deliberately engineered and programmed its Website with tracking technology to capture data from California-based internet users while those users browsed within California's territorial boundaries. Defendant transformed its own Website into the instrument of its unlawful surveillance in California.

9.     Defendant further purposefully availed itself of the privilege of conducting activities in California when Defendant chose to utilize LinkedIn Corporation, an entity with substantial and pervasive operations, engineering, and data processing infrastructure within California, to further its surveillance scheme. Defendant deliberately integrated and utilized LinkedIn's California-based infrastructure and technologies as a core component of Defendant's surveillance scheme targeting Californians. Defendant knew or reasonably should have known LinkedIn, develops, maintains, and operates significant aspects of the surveillance technology from within California, including its

- 3 -

1  engineering and product development facilities located throughout California; its data centers and

2  technical infrastructure situated within California that process the unlawfully obtained data; its

3  corporate headquarters and primary sales operations based in California; and its substantial California-

4  based workforce that designs, implements, and supports the very surveillance technologies Defendant

5  deployed.

6        10.    Defendant specifically intended its surveillance operations to cause injury to California

7  residents. Defendant configured its tracking systems on its Website to identify, profile, and exploit

8  California users. Defendant's implementation of the surveillance scheme, through its own Website,

9  necessarily involved LinkedIn's California-based technical infrastructure. This action by Defendant

10  made California the focal point of Defendant's unlawful operations and the situs of the harm.

11        11.    Defendant's purposeful direction of its surveillance activities at California residents

12  through its own Website, combined with its deliberate use of a California-based entity's infrastructure

13  to effectuate this surveillance, satisfies all constitutional due process requirements for the exercise of

14  specific personal jurisdiction by this Court.

15        12.    Venue is proper in Los Angeles County pursuant to California Code of Civil Procedure

16  section 395(a). Plaintiff resides within this County. Defendant operated its surveillance technology

17  against Plaintiff's device while Plaintiff was physically present in this County. Defendant's

18  unauthorized data capture and privacy invasion, orchestrated through Defendant's Website, occurred

19  within this County's territorial boundaries. Plaintiff suffered the resulting harm and damages from

20  Defendant's actions within this County.

21        13.    A substantial part of the events giving rise to this action, namely Defendant's activation

22  of its surveillance system against Plaintiff, occurred within this County. Defendant's system activated

23  during Plaintiff's Website visits while Plaintiff was physically located within this County. This

24  activation by Defendant created the privacy violations and statutory damages at issue in this litigation.

25                      **III.**    **PARTIES**

26        14.    Plaintiff Sarah Rachel Escobedo is a California resident who continuously resides in

27  Los Angeles County. Plaintiff maintains reasonable expectations of privacy when browsing websites.

28  Defendant systematically violated these expectations through its unauthorized surveillance activities.

15.     Defendant Chubb Group Holdings Inc. is a Pennsylvania Corporation with its principal business address at 436 Walnut St Philadelphia, PA 19106. Defendant Chubb Group conducts widespread business throughout California. Defendant markets and provides insurance products and risk management services to California residents through its Website and related channels.

16.     Plaintiff identifies CT Corporation System, located at 330 N Brand Blvd, Glendale, CA 91203, as Defendant's registered agent for service of process in California.

17.     Plaintiff identifies DOE Defendants 1 through 15 as unknown entities that Defendant directed and controlled to participate in implementing or maintaining Defendant's surveillance system. Plaintiff will seek leave to amend this Complaint to identify these entities when Defendant's discovery responses reveal their true names and roles.

18.     Each DOE Defendant acted as Defendant's agent or employee in Defendant's implementation of the surveillance scheme described herein. Each DOE Defendant operated within the scope of its relationship with Defendant and participated with Defendant in the common plan to unlawfully track California residents for Defendant's commercial gain.

## IV.     FACTUAL ALLEGATIONS

### A.     Defendant's Deliberate Implementation of Surveillance Technology

19.     Defendant Chubb Group owns, operates, and exercises absolute control over its Website at www.chubb.com. On information and belief, Defendant makes all decisions regarding the Website's technical infrastructure, embedded technologies, and data collection practices.

20.     Defendant chose to embed LinkedIn Corporation's proprietary tracking code throughout its Website. Defendant did this to enable LinkedIn to systematically identify and track Website visitors. On information and belief, Defendant made this decision to gain access to detailed visitor identification data and enhanced advertising capabilities provided by LinkedIn.

21.     Defendant activated its surveillance system against Plaintiff when Plaintiff visited the Website on March 18, 2025. Plaintiff was physically present in California at the time. Defendant's tracking code immediately began collecting Plaintiff's identifying information without Plaintiff's knowledge, awareness, or consent.

22.    Defendant configured the LinkedIn Insight Tag to employ sophisticated "device fingerprinting" technologies. Defendant programmed this system to collect information far beyond generic traffic statistics. Defendant specifically targeted data elements that create unique digital signatures for individual users. Defendant designed this comprehensive data collection to enable its reliable visitor identification and long-term tracking across multiple Website sessions.

**B.    Defendant's Technical Surveillance Operations**

23.    The LinkedIn Insight Tag installed on the Website collects detailed browser fingerprinting data including browser type, version, and configuration settings that create unique device signatures. Defendant captures operating system information including architecture details and version specifications. Defendant harvests display characteristics such as screen resolution and color depth settings that contribute to device uniqueness. Defendant collects hardware identifiers including CPU specifications and graphics card information. Defendant employs canvas fingerprinting techniques that generate unique digital signatures through hidden graphics rendering processes it controls.

24.    Defendant actively facilitates the immediate transmission of harvested identifying information from visitors' devices to LinkedIn's remote servers, including domains such as px.ads.linkedin.com, www.linkedin.com/px/, and snap.licdn.com (the "LI Servers"). Defendant configured the LinkedIn Insight Tag to automatically route this sensitive data to LinkedIn's surveillance infrastructure.

25.    The transfer of data from Defendant's Website to the LI Servers is shown in the screenshot below, taken from google Chrome's developer tools "network activity" resource:

COMPLAINT



26.     Defendant operates this surveillance system against all Website visitors. Defendant does so regardless of whether visitors maintain LinkedIn accounts, have ever used LinkedIn services, or have consented to cross-site tracking. Defendant implements universal surveillance that captures identifying information from every visitor Defendant subjects to its tracking operations and does so without obtaining user consent.

**C.      Defendant's Surveillance System Constitutes Unlawful Trap and Trace Operations**

27.     Defendant's surveillance technology, as implemented by Defendant on its Website, reliably identifies communication sources, fulfilling the statute's "reasonably likely to identify" standard. LinkedIn's own promotional materials for its "Insight Tag" explicitly state that the technology "unlocks powerful demographic insights about your website visitors, including their job titles, companies, industries, and more."

28.     Defendant never obtained Plaintiff's informed consent before Defendant implemented its surveillance system against Plaintiff. Defendant deliberately concealed its tracking operations from Website visitors. Defendant structured its Website to begin surveillance before users could meaningfully consent to or prevent Defendant's monitoring.

## FIRST CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

### (Against Defendant Chubb Group and DOEs 1-15)

29.     Plaintiff incorporates by reference all preceding allegations as if Defendant fully set

### Track conversions and optimize your campaigns automatically

Running campaigns to drive conversions? With our Insight Tag, you can track website conversions tied to all your LinkedIn ads, then let LinkedIn automatically optimize your campaigns for even more conversions. High-quality results - without lifting a finger!





### Get more leads and conversions by retargeting your website visitors

A potential customer visits your site but leaves. What do you do? With the Insight Tag, you can re-engage visitors by retargeting them through LinkedIn ads. Now that's a winning strategy!

### Learn about who's engaging with your brand with exclusive audience insights

Looking to customize your marketing? It starts with understanding who's visiting your website. The Insight Tag unlocks powerful **demographic insights** about your website visitors, including their job titles, companies, industries, and more. Best part: it's free.



them forth herein.

COMPLAINT

30.     The California Trap and Trace Law, California Penal Code section 638.51, forms a critical component of the California Invasion of Privacy Act ("CIPA"). CIPA represents strong legislative protection for California citizens' privacy rights against evolving surveillance technologies.

31.     California Penal Code section 638.51(a) explicitly prohibits unauthorized surveillance: "A person may not install or use in this state a trap and trace device without first obtaining a court order or the consent of the user of the telephonic or electronic service." This statute provides no exceptions for commercial surveillance operations.

32.     Defendant directly violated this prohibition because Defendant installed and operated comprehensive trap and trace processes through its LinkedIn Pixel surveillance system. Defendant deliberately embedded tracking technology throughout its Website infrastructure. Defendant specifically engineered this system to capture electronic impulses and signaling information from visitors' devices for Defendant's express purpose of identifying communication sources.

33.     Defendant's surveillance system captures extensive "electronic or other impulses" that directly identify communication sources. These include: detailed browser fingerprinting data providing unique device signatures and technical parameters; comprehensive device characteristics serving as persistent signaling information; and network routing data inherent in the communication monitoring process Defendant established.

34.     Defendant's tracking technology, as installed and operated by Defendant on its Website, reliably identifies communication sources, thereby satisfying the statute's identification standard. LinkedIn actively markets the Pixel's capability to match Website visitors to specific member profiles. Defendant specifically implemented this system on its Website to enable, through LinkedIn's data processing, the de-anonymization of its visitors, which Defendant then exploits for its commercial purposes.

35.     Defendant never obtained court authorization for its surveillance operations against California residents, including Plaintiff.

36.     Defendant never obtained Plaintiff's valid consent before Defendant implemented tracking technology against Plaintiff's device and communications.

37.     Defendant's systematic installation and operation of unauthorized surveillance technology constitutes ongoing violations of California Penal Code section 638.51 by Defendant. Each instance where Defendant activated its surveillance system during Website visits represents a separate statutory violation by Defendant.

38.     California Penal Code section 637.2(a) provides civil remedies. These remedies include statutory damages of $5,000 per violation or actual damages, whichever is greater, for CIPA violations, including section 638.51 breaches.

39.     Defendant's unlawful surveillance directly caused Plaintiff significant injuries. These injuries include: Defendant's invasion of Plaintiff's legally protected privacy rights; Plaintiff's loss of control over personal identifying information due to Defendant's actions; Defendant's unauthorized creation of detailed behavioral profiles of Plaintiff; Plaintiff's mental anguish from knowledge of Defendant's secret monitoring; and chilling effects on Plaintiff's free online expression and inquiry due to Defendant's conduct.

## SECOND CAUSE OF ACTION

### Aiding and Abetting Violations of the California Trap and Trace Law

### (Against DOE Defendants 1-15, and to the extent applicable, Defendant Chubb Group)

40.     Plaintiff incorporates by reference all preceding allegations as if Defendant fully set them forth herein.

41.     LinkedIn Corporation engaged in wrongful conduct by installing and using, or causing to be installed and used, trap and trace devices through its LinkedIn Pixel technology on websites targeting California residents, including Defendant's Website, to capture routing, addressing, and signaling information reasonably likely to identify the source of electronic communications without court order or user consent, in violation of California Penal Code section 638.51.

42.     Defendant Chubb Group possessed actual knowledge of LinkedIn's unlawful trap and trace activities. Defendant knew that by embedding and maintaining the LinkedIn Pixel on its Website, it was enabling LinkedIn to capture the prohibited identifying information from users like Plaintiff without their consent or a court order.

43.     Defendant provided substantial assistance and encouragement to LinkedIn in its violations of California Penal Code section 638.51. Defendant provided this substantial assistance by, among other actions:

        a.   Deliberately embedding LinkedIn's tracking code (the LinkedIn Pixel) throughout its Website infrastructure, thereby creating the mechanism for LinkedIn's unlawful data capture on Defendant's own digital property;

        b.   Actively configuring the LinkedIn Pixel's surveillance parameters to maximize the data transmitted to LinkedIn from California visitors to Defendant's Website;

        c.   Continuously maintaining and operating the LinkedIn Pixel on its Website, ensuring a persistent conduit for LinkedIn's unlawful data collection activities, even at the sacrifice of its own Website's performance;

        d.   Facilitating the direct transmission of captured data from its Website visitors to LinkedIn's servers; and

        e.   Exploiting the de-anonymized data and visitor profiles, which resulted from LinkedIn's unlawful trap and trace activities that Defendant enabled, for its own targeted advertising and commercial strategies.

44.     Defendant's knowing and substantial assistance was a direct and proximate cause of LinkedIn's violations of section 638.51 and the resulting privacy injuries to Plaintiff. But for Defendant's actions in embedding, configuring, and maintaining the LinkedIn Pixel on its Website, LinkedIn would not have been able to unlawfully capture Plaintiff's identifying information from Defendant's Website.

45.     Defendant's actions in aiding and abetting LinkedIn's violations of California privacy laws directly injured Plaintiff through the same privacy invasions, unauthorized data collection by LinkedIn (facilitated by Defendant), and mental anguish described in the First Cause of Action, all stemming from Defendant's knowing and substantial assistance to LinkedIn's unlawful conduct.

**PRAYER**

COMPLAINT

WHEREFORE, Plaintiff Escobedo respectfully prays for judgment against Defendant Chubb Group and DOE Defendants 1-15, jointly and severally, as follows:

1.    An order permanently enjoining Defendant, its officers, agents, employees, successors, and assigns from Defendant installing, Defendant using, or Defendant maintaining LinkedIn Pixel or similar trap and trace technologies on any website accessible in California unless Defendant first obtains: (i) valid court orders pursuant to California Penal Code section 638.52, or (ii) express, informed, specific opt-in consent from users through clear, conspicuous notices separate from general privacy policies.

2.    An order requiring Defendant to disgorge and permanently delete all data pertaining to Plaintiff and similarly situated California residents that Defendant unlawfully collected or enabled to be collected through its unauthorized surveillance operations. This includes an order requiring Defendant to provide a comprehensive accounting of its data dissemination and the data disseminated by those it aided and abetted.

3.    Statutory damages of Five Thousand Dollars ($5,000) for each violation of California Penal Code section 638.51 committed by Defendant, and for each violation Defendant aided and abetted, pursuant to section 637.2. Each surveillance activation by Defendant or by those Defendant aided and abetted constitutes a separate violation.

4.    Actual damages in amounts proven at trial, to the extent such damages exceed available statutory damages.

5.    Pre-judgment and post-judgment interest at maximum legal rates on all monetary awards.

6.    Reasonable attorneys' fees and litigation expenses pursuant to California Penal Code section 637.2 and applicable law.

7.    Such other relief as this Court deems just and proper to remedy Defendant's violations and the violations Defendant aided and abetted, and to protect California citizens' privacy rights.

DATED: June 16, 2025                              TAULER SMITH LLP


                                        By:    /s/ Wendy Miele
                                               Wendy Miele, Esq.
                                               *Attorneys for Plaintiff*
                                               *Sarah Escobedo*


### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED: June 16, 2025                              TAULER SMITH LLP


                                        By:    /s/ Wendy Miele
                                               Wendy Miele, Esq.
                                               *Attorney for Plaintiff*
                                               *Sarah Escobedo*

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Wendy Miele (SBN 165551)<br>Tauler Smith LLP, 626 Wilshire Blvd., Suite 550, Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 927-9270    FAX NO.: (310) 943-1455<br>EMAIL ADDRESS: wmiele@taulersmith.com<br>ATTORNEY FOR *(Name)*: Plaintiff Sarah Escobedo | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>6/16/2025 1:47 PM<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By A. Munoz, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Sarah Escobedo v. Chubb Group Holdings Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **25STCV17403** |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Two (2)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: June 16, 2025
Wendy Miele
_____
(TYPE OR PRINT NAME)              ► _____
                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarah Escobedo v. Chubb Group Holdings Inc. | 25STCV17403 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarah Escobedo v. Chubb Group Holdings Inc. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarah Escobedo v. Chubb Group Holdings Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarah Escobedo v. Chubb Group Holdings Inc. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☑ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sarah Escobedo v. Chubb Group Holdings Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | | ADDRESS: | |
|---|---|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | 626 Wilshire Blvd. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90017 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>June 16, 2025</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.



| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

Wendy Miele
Tauler Smith LLP
626 Wilshire Blvd., Suite 550
Los Angeles, CA 90017

STATE BAR NUMBER:
165551

**FILED**
Superior Court of California
County of Los Angeles

**JUN 17 2025**

David W. Slayton, Executive Officer/Clerk of Court

By: B. Colocho, Deputy

ATTORNEY FOR (Name): Plaintiff Sarah Escobedo

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Sarah Escobedo

DEFENDANT/RESPONDENT:
Chubb Group Holdings Inc.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>25STCV17403 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Teresa A. Beaudet | Dept. Number:<br><br>50 |
|---|---|
| ☑ Judge    ☐ Commissioner    ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Sarah Escobedo
                    Name of Party

☑ Plaintiff/Petitioner    ☐ Cross Complainant
☐ Defendant/Respondent    ☐ Cross Defendant
☐ Other:

Dated: June 17, 2025

Signature of Declarant

Wendy Miele

Printed Name

RECEIVED JUN 17 2025 DEPT. 50

| Print | Save | | Clear |
|---|---|---|---|

LACIV 015 (Rev. 12-14)
LASC Approved 04-04
For Optional Use

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS: Stanley Mosk Courthouse
111 North Hill Street Los Angeles, CA 90012

PLAINTIFF(S): Sarah Escobedo

DEFENDANT(S): Chubb Group Holdings Inc.

## NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE
## (Vacate Dates)

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD:

You are notified that effective 06/17/2025, an order was made that the above entitled action, previously assigned to Judge Teresa A. Beaudet is now and shall be assigned to Judge Cherol J. Nellon, as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department 14 at Stanley Mosk Courthouse (See Chapter 3, Los Angeles Court Rules). All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Cour

Dated: 06/18/2025

By L. Gomez

Deputy Clerk

## NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE
## (Vacate Dates)

LASC CIV 305 NEW 05/24
For Optional Use

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 50

**25STCV17403**                                                                 June 18, 2025
**SARAH ESCOBEDO vs CHUBB GROUP HOLDINGS INC.**                                      9:11 AM

Judge: Honorable Teresa A. Beaudet          CSR: None
Judicial Assistant: Leticia Gomez           ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Peremptory Challenge to Judicial Officer

The Court reviews the Peremptory Challenge filed by Plaintiff pursuant to Code of Civil
Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction
of the Supervising Judge to Judge Cherol J. Nellon in Department 14 at the Stanley Mosk
Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil
Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be
timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with
extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail.
Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to
file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar.

Plaintiff is to give notice.

Certificate of Mailing is attached.

---

Minute Order                                                                    Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 06/18/2025 David W. Slayton, Executive Officer/Clerk of Court By: _____ L. Gomez _____ Deputy |
| PLAINTIFF/PETITIONER: Sarah Escobedo | |
| DEFENDANT/RESPONDENT: Chubb Group Holdings Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 25STCV17403 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Peremptory Challenge to Judicial Officer) of 06/18/2025 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Wendy Lynn Robinson Miele
Tauler Smith LLP
626 Wilshire Blvd.
Suite 550
Los Angeles, CA 90017

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/18/2025                    By: L. Gomez _____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
**111 North Hill Street, Los Angeles, CA 90012**

PLAINTIFF:
**Sarah Escobedo**

DEFENDANT:
**Chubb Group Holdings Inc.**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

07/10/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ L. Worku _____ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
**25STCV17403**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: **02/20/2026**    Time: **8:30 AM**    Dept.: **14**

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: **07/10/2025**

Judicial Officer

Cherol J. Nellon / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in **Los Angeles**, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Camrie Ventry
626 Wilshire Blvd.
Suite 550
Los Angeles, CA 90017

David W. Slayton, Executive Officer / Clerk of Court

By _____ L. Worku _____
Deputy Clerk

Dated: **07/10/2025**

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

# SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S)/PETITIONER(S):

Sarah Escobedo

DEFENDANT(S)/RESPONDENT(S):

Chubb Group Holdings Inc.

**FILED**
Superior Court of California
County of Los Angeles

07/10/2025

David W. Slayton, Executive Officer/Clerk of Court

By: _____ L. Worku _____ Deputy

## CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE

CASE NUMBER:

25STCV17403

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 07/10/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Ventry, Camrie" <cventry@taulersmith.com>**
**"Sekhon, Kiran" <ksekhon@taulersmith.com>**
**"Miele, Wendy Lynn Robinson" <wmiele@taulersmith.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Stanley Mosk Courthouse, 111 North Hill Street in Los Angeles, California.

Dated: 07/10/2025

David W. Slayton, Executive Officer / Clerk of Court

By: L. Worku _____

Deputy Clerk

Page 1 of 1